IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

BRADY STENBERG, for himself and
on behalf of those similarly situated,

        Plaintiff,

v.                                         CASE NO.

ITG COMMUNICATIONS, LLC, a
Foreign Limited Liability Company,

        Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiff, BRADY STENBERG ("Plaintiff"), for himself and on behalf of those similarly situated, was an employee of Defendant, ITG COMMUNICATIONS, LLC, ("ITG" or "Defendant"), and brings this action for unpaid overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principal purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

1

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to ensure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. Defendant violated the FLSA by failing to pay Plaintiff, and other similarly situated cable technicians ("Technicians"), who are/were employed in Florida at any time within the past three (3) years at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek during one or more workweeks.

6. This action is intended to include all Technicians who performed services for Defendant in Florida at any time within the past three (3) years.

7. To the extent any partial payments have been made by Defendant to Plaintiff or any of the Technicians of the disputed amounts at the time of the filing of this complaint, this action seeks to a judgment in favor of Plaintiff and those similarly situated Technicians and against Defendant, as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs.

## PARTIES

8. At all times material hereto, ITG was a Foreign Limited Liability Company employing workers and doing business throughout the state of Florida.

9. ITG is "the nation's leading provider of installation, fulfillment, construction, and project management services to the cable, telecommunications, and utility industries." *See* Defendant's website at https://itgcomm.com/, a true and correct copy of the quoted portion of which is attached as Exhibit A.

10. ITG operates one headquarters at 152 Molly Walton Drive, Hendersonville, Tennessee 37075 and another at 2400 E. Commercial Boulevard, Fort Lauderdale, Florida 33308. *See* https://itgcomm.com/contact, a true and correct copy of the quoted portion of which is attached as Exhibit B.

11. Plaintiff and other similarly situated Technicians performed cable installation and service duties on behalf of ITG and its customers in Florida, including but not limited to, throughout Hillsborough County, Florida.

12. The collective of similarly situated employees or potential collective members sought to be certified under 29 U.S.C. §216(b) is defined as:

> **All persons who worked for ITG as Technicians within Florida during the three (3) years preceding this lawsuit, and who were not compensated at time-and-one-half of their regular rate of pay for all hours worked in excess of forty (40) hours in one or more workweeks.**

The precise size and identity of the FLSA collective should be ascertainable from the business records, tax records, and/or employee personnel records of Defendant.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 216(b) which provides State courts with jurisdiction over actions arising under the FLSA.

14. This Court has jurisdiction over this action as Plaintiff seeks monetary damages in excess of $50,000, exclusive of interest, costs and attorneys' fees.

3

15. Venue is proper in Hillsborough County Florida, pursuant to Section 47.011, Florida Statutes, as one or more of the causes of action accrued in Hillsborough County, Florida.,

16. Venue is further proper in this Court because Defendant, ITG, conducts business in, Hillsborough County, Florida.

## COVERAGE

17. At all material times hereto, ITG was, and continues to be, an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

18. At all material times hereto, ITG was, and continues to be an "employer" as defined by 29 U.S.C. § 203(d).

19. Based upon information and belief, ITG has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

20. At all material times hereto, ITG has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two (2) or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. fiber optics, cable installation equipment and/or office supplies).

## FACTUAL ALLEGATIONS

21. ITG is, among other things, a cable installation company that utilizes Technicians to provide installation and support services for ITG's customers.

4

22. At all times material hereto, Plaintiff was employed by Defendant within the meaning of the FLSA.

23. Plaintiff performed cable installation and support duties for ITG's customers at ITG's request and for ITG's benefit.

24. Plaintiff worked in this capacity from May 2023 to January 2024.

25. Other similarly situated Technicians also performed similar installation and support duties on for ITG's customers at ITG's request and for ITG's benefit within the state of Florida during the three (3) years preceding this lawsuit.

26. Each of the Technicians, including Plaintiff, was paid on a per job basis in exchange for work performed.

27. ITG provided Plaintiff and other similarly situated Technicians with the equipment needed to perform their work.

28. ITG provided Plaintiff and similarly situated Technicians with signage which was required to be placed on their vehicles when performing duties for ITG and its customers.

29. ITG assigned Plaintiff and the similarly situated Technicians direct supervisors/managers who were ITG's employees.

30. Plaintiff and the similarly situated Technicians, regularly communicated with and reported to their ITG supervisors/managers during the performance of his/their duties.

31. ITG set rules and standards pursuant to which Plaintiff and the similarly situated Technicians were required to adhere.

32. ITG monitored whether Plaintiff and the similarly situated Technicians were following/meeting the rules and standards ITG set.

5

33. ITG notified Plaintiff and the similarly situated Technicians if they were not performing their job duties according to applicable standards.

34. Plaintiff, and the similarly situated Technicians, were/are required to notify ITG's management whenever he/they needed time off.

35. ITG required Plaintiff, and the similarly situated Technicians, to request time off 10 days in advance.

36. ITG required Plaintiff, and the similarly situated Technicians, to download the Maas360 phone application to their cellular phones, which then allowed ITG access to their personal cell phones.

37. ITG then downloaded the TechMobile phone application to Plaintiff's and the similarly situated Technicians cell phones.

38. ITG was able to use this application, which it required Plaintiff and the similarly situated Technicians to have, to see where Plaintiff and the similarly situated Technicians were at all times; to provide work orders to Plaintiff and the similarly situated Technicians; and so ITG could go onto the application to add equipment to ITG's customers' accounts.

39. ITG required Plaintiff and the similarly situated Technicians to perform what Defendant's term "home health checks," which is the process of trouble-shooting equipment.

40. Prior to being able to close out a work order and receive a subsequent work order, Plaintiff and other Technicians were required to send a screen shot picture to ITG showing that the "home health check" was completed.

41. The work performed by Plaintiff and the similarly situated Technicians was integral to ITG's business because Plaintiff was responsible for performing the exact service that

6

ITG is in business to provide – i.e., ITG was paid by its customers for the services provided by Plaintiff and others similarly situated Technicians.

42.     ITG controlled the work schedule of Plaintiff and the similarly situated Technicians.

43.     Plaintiff and the similarly situated Technicians routinely worked in excess of forty (40) hours in a workweek as part of his/their regular job duties.

44.     Despite working more than forty (40) hours per week, ITG failed to pay Plaintiff, and the similarly situated Technicians, overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

45.     Plaintiff, and the similarly situated Technicians, are/were economically dependent upon the compensation they received for their work for ITG.

46.     ITG knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the Putative Collective Members.

47.     ITG knew or with reasonable diligence should have known that nonexempt employees such as Plaintiff and the Putative Collective Members should have been paid overtime pay for all overtime hours they worked each workweek, yet ITG failed to do so. ITG is specifically aware of the FLSA and its requirements, including because it has been sued in the past five years for alleged violations of the FLSA.

48.     ITG did not act in good faith reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

7

## COLLECTIVE ACTION ALLEGATIONS

49. The Technicians similarly situated to Plaintiff (hereafter the "Putative Collective Members") performed the same or similar job duties as one another in that they performed cable service and support duties for ITG.

50. The Putative Collective Members all worked in the State of Florida.

51. The Putative Collective Members were all paid on a per job basis.

52. As described above, the Putative Collective Members were subject to the same requirements, terms and conditions of employment as Plaintiff.

53. The Putative Collective Members routinely worked in excess of forty (40) hours in a workweek.

54. The Putative Collective Members were subjected to the same pay provisions as Plaintiff, in as much as they were not compensated at time-and-one-half of their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. Thus, the Putative Collective Members are owed overtime wages for the same reasons as Plaintiff.

55. These policies or practices were applicable to Plaintiff and the Putative Collective Members.

56. Application of these policies or practices does/did not depend on the personal circumstances of the Putative Collective Members. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiff applies to all of the Putative Collective Members.

57. As such, the Collective is appropriately defined as:

> **All persons who worked for ITG as Technicians within Florida during the three (3) years preceding this lawsuit, and who were not compensated at time-and-one-half of their regular rate of pay for all hours worked in excess**

**of forty (40) hours in one or more workweeks.**

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-57 above.

59. Plaintiff and the Putative Collective Members are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) in a workweek.

60. During his/their employment with Defendant, Plaintiff and the Putative Collective Members regularly worked overtime hours, but was/were not paid time and one-half of their regular rates of pay for same.

61. As a result, Plaintiff and the Putative Collective Members did not earn proper overtime compensation for all hours worked in excess of forty (40) hours in a workweek during one or more workweeks, contrary to the requirements of 29 U.S.C. §207 of the FLSA.

62. ITG paid Plaintiff and the Putative Collective Members on a per job basis regardless of the number of hours worked.

63. ITG had knowledge that Plaintiff and the Putative Collective Members worked overtime hours.

64. ITG willfully failed to pay overtime compensation for these hours contrary to 29 U.S.C. §207.

65. ITG has failed to properly disclose or apprise Plaintiff and the Putative Collective Members of their rights under the FLSA.

66. As a result of ITG's intentional, willful, and unlawful acts in refusing to pay Plaintiff and the collective members time and one-half of their regular rate of pay for each hour

9

worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff and the Putative Collective Members has/have suffered damages.

67. As a result of ITG's willful violation of the FLSA, Plaintiff and the collective members is/are entitled to liquidated damages.

68. Upon prevailing in this case, Plaintiff and the collective members are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated Technicians respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and requiring prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the Putative Collective Members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. §216(b), and appointing Plaintiff and his counsel to represent the Collective Action members;

a. Awarding Plaintiff, and those similarly situated to him, his/their unpaid overtime wages;

b. Awarding liquidated damages in an amount equal to the overtime wage award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees, expert fees, and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 1.430 of the Florida Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised in the Complaint.

Dated: June 6, 2024

                                          Respectfully submitted by,

*/s/Angeli Murthy*
Angeli Murthy, Esquire
FBN: 088758
Morgan & Morgan, P.A
8151 Peters Road
Suite 4000
Plantation, FL 33324
Tel: 954-327-5369
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com

Kimberly De Arcangelis, Esq.
Bar No.:  025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
*Trial Counsel for Plaintiff and Collective Members*

11

# Exhibit A

What We Do ⌄    Company    News    Training & Safety    Contact    Careers

## We Started as Techs

ITG is now the nation's leading provider of installation, fulfillment, construction, and project management services to the cable, telecommunications, and utility industries.

Explore ITG Communications

Career Opportunities

# Exhibit B

Careers

Contact

Training & Safety

News

Company

What We Do

# Contact us

Contact ITG today and see how we can help get your next big project over the finish line.

ITG



## ITG Headquarters

**Tennesse**

152 Molly Walton Dr
Hendersonville, TN 37075
1-615-447-5347
info@i-t-g.net

**South Florida**

2400 E Commercial Blvd
Fort Lauderdale, FL 33308

## How can we help you?

This form is intended for non-employees. If you are a current ITG employee and/or contractor, please contact us through Fuse.

First Name*
Last Name*
Email*
Phone*
Reason for contacting*

[ ] I'm not a robot    reCAPTCHA
                       Privacy - Terms

Submit